UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CRYSTAL GUERRERA, <br> KIRK BOUVIER <br>     *Plaintiffs*, <br><br> v. <br><br> WALLINGFORD POLICE <br> DEPARTMENT, <br>     *Defendant*. | 3:23-cv-1196 (OAW) |

## RULING ON DEFENDANT'S MOTION TO DISMISS

Self-represented Plaintiffs Crystal Guerrera and Kirk Bouvier ("Plaintiffs") bring this action against the Wallingford Police Department ("Defendant") for alleged violations of their constitutional rights.[1]  Compl., ECF No. 1-3.  Defendant moves to dismiss the complaint in its entirety for lack of subject matter jurisdiction under Federal Rule 12(b)(1).[2]  Def.'s Mot. to Dismiss, ECF No. 14.  Under Local Rule 7(a)(2), Plaintiffs' deadline to respond to the motion to dismiss was November 6, 2023.  After Plaintiffs missed this deadline, the court extended Plaintiffs' time to respond until May 24, 2024, and advised them that failure to do so may lead to dismissal for failure to prosecute pursuant to Federal Rule 41(b).  Order, ECF No. 19.  As of March 19, 2025, Plaintiffs have not filed a response, therefore the court considers Defendant's motion to dismiss unopposed.  For the reasons stated herein, the motion hereby is **GRANTED.**

---

[1] While the complaint does not specify causes of action, courts "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *Kravitz v. Purcell*, 87 F.4th 111, 119 (2d Cir. 2023) (quoting *Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022)).  The court construes the complaint to bring claims for unreasonable search and seizure, false arrest, and malicious prosecution pursuant to 42 U.S.C. § 1983.

[2] Defendant complied with Local Rule of Civil Procedure 12(a) by filing a notice advising Plaintiffs the motion to dismiss may be granted if they fail to file opposition papers as required by Federal Rule of Civil Procedure 12.  *See* Notice to Pro Se Litigants Opposing Mot. to Dismiss as Required by Local Rule 12(a), ECF No. 15.

1

I. **BACKGROUND**

This matter stems from an incident between Plaintiffs and an officer of the Wallingford Police Department.[3] While Plaintiffs' complaint lacks detail, the court gleans the following: Plaintiffs were approached by a Wallingford Police officer while they were seated in Plaintiff Guerrera's motor vehicle. The officer "began to harass" them and, after protest from Plaintiffs, "couldn't give [them] any explanation of why [they were] being detained." Compl. at 1. The officer then charged M. Guerrera with "misuse of plates" and operation of a motor vehicle while under the influence of liquor or drugs, even though the keys were not in the ignition. *Id.* at 1–2. Plaintiffs allege they "feel that [they] were being unlawfully detained" and that an "illegal search and seizure was conducted." *Id.* at 2.

Defendant alleges that this incident led to Plaintiff Guerrera being charged with five criminal and motor vehicle violations, Mem. of Law in Support of Def.'s Mot. to Dismiss 2, ECF No. 14-1 ("Mot. to Dismiss"), and ultimately her criminal conviction under Connecticut General Statutes § 14-227a (Operation of a Motor Vehicle Under the Influence of Alcohol or Drugs)[4] and Connecticut General Statutes § 14-215(c)(1) (operating a motor vehicle while one's license is under suspension due to an OUI). Notice

---

[3] Plaintiffs do not allege what date the underlying incident took place. *See* Compl. Defendant claims the allegations correspond to an arrest of Ms. Guerrera from July 29, 2023. Mem. of Law in Support of Def.'s Mot. to Dismiss 2, ECF No. 14-1. The State of Connecticut Judicial Branch website does show a pending violation of probation in a case (N07M-MV23-572600) wherein the underlying convictions were from Operating a Motor Vehicle while Under the Influence of Alcohol or Drugs (OUI) and for Operating a Motor Vehicle Under Suspension (OUS) where the suspension was due to an OUI. The underlying arrest in that case was by the Wallingford Police Department on July 29, 2023. *See* Criminal / Motor Vehicle Conviction Case Detail, State of Connecticut Judicial Branch Website, available at: https://www.jud2.ct.gov/crdockets/CaseDetailDisp.aspx?source=Pending&Key=a36678d4-f9f6-48a7-8a8f-188efc9b765e (last visited Mar. 29, 2025). Ms. Guerrera also has other pending cases in state criminal court at New Britain, Waterbury, and Meriden, but for arrests on different dates and/or by different police departments. *See Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012) (finding that courts may "take judicial notice of relevant matters of public record").

[4] The court notes that in Connecticut, having a key in the ignition of a motor vehicle is not a necessary element of Operation Under the Influence. *See State v. Cyr*, 291 Conn. 49 (2009).

of Supplemental Information 1, ECF No. 21; *see also* Criminal/Motor Vehicle Conviction Case Detail, Connecticut Judicial Branch Website, https://www.jud2.ct.gov/crdockets/ CaseDetailDisp.aspx?source=Pending&Key=fe4ec59b-93e6-458c-8932-b5b469569d43 (last visited Mar. 29, 2025) (Case Docket No. N07M-MV23-0572600-S).

Plaintiffs brought this action in the Superior Court of Meriden, Judicial District of New Haven, against one defendant, the Wallingford Police Department. Notice of Removal 1, ECF No. 1.  Defendant removed this matter to federal court, *id.*, and filed a motion to dismiss for lack of subject matter jurisdiction under Federal Rule 12(b)(1), because it "is not a legal entity capable of being sued," Mot. to Dismiss 1.  Plaintiffs failed to respond to the motion to dismiss by the original deadline under Local Rule 7(a)(2).  The court allowed Plaintiffs another opportunity respond, however they again failed to submit an oppositional filing by the extended deadline.  *See* Order, ECF No. 19 (noting that if Plaintiffs failed to respond by the extended deadline, "their case may be dismissed for failure to prosecute pursuant to Federal Rule 41(b) of Civil Procedure").  To date, Plaintiffs have not responded to the motion to dismiss.

II. **LEGAL STANDARD**

Subject matter jurisdiction is a threshold inquiry. *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (internal citations omitted).  "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  The court must take all uncontroverted facts in the complaint "as true, and draw all reasonable inferences in favor of the party asserting

jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014). Still, the party claiming jurisdiction "has the burden of proving by a preponderance of the evidence that it exists." *Makarova*, 201 F.3d at 113.

In the Second Circuit, it is well-established that the submissions of pro se litigants must be construed "liberally" and interpreted "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citing cases). Nonetheless, "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Nat'l Austl. Bank Ltd.*, 547 F.3d at 170 (internal citations omitted).

### III. <u>DISCUSSION</u>

Even construing the pro se complaint liberally, Plaintiffs do not prove that there is subject matter jurisdiction because they fail to show that Defendant, as a municipal police department, may be sued.

Section 1983 of United States Code Title 42 facilitates causes of action against any "person" who violates an individual's constitutional or federal statutory rights "under color of any statute . . . of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. In *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978), the United States Supreme Court held that municipalities and "[l]ocal governing bodies" are "persons to whom § 1983 applies."

While individuals may sue municipalities under § 1983, they may not sue municipal police departments because the latter are not "persons" within the meaning of § 1983. *Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 163–64 (D. Conn. 2005) ("A

4

municipal police department, however, is not a municipality nor a "person" within the meaning of section 1983." (citing cases)); *see also Weitz v. Greenwich Police Dep't*, No. CV040200464S, 2005 WL 375302, at *2 (Conn. Super. Ct. Jan. 10, 2005) ("there is no provision [in the Connecticut General Statutes] providing that municipal police departments constitute a legal entity separate and apart from the municipality they serve, or that they have the power to sue or be sued").  A police department is "a sub-unit or agency of the municipal government through which the municipality fulfills its policing function," it is not an independent legal entity that is subject to suit. *Nicholson*, 356 F. Supp. 2d at 164.

This court lacks the statutory or constitutional authority to adjudicate this matter because the Wallingford Police Department is not subject to suit under § 1983. Accordingly, the complaint must be dismissed.

## IV. CONCLUSION

For the reasons discussed herein, it is **ORDERED:**

1. Defendant's Motion to Dismiss (ECF No. 14) is **GRANTED.**
2. Defendant's Motion for Status Conference (ECF No. 18) is **DENIED as MOOT.**
3. Plaintiffs may file an amended complaint on or before **April 21, 2025.**  Failure to file an amended complaint by this deadline will result in a dismissal of this case with prejudice.

**IT IS SO ORDERED** in Hartford, Connecticut, this 30th day of March, 2025.

/s/
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE